IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John G. Singletary,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>Aiken County Code Enforcement　　　)<br>Division; Rodney Cooper; Page Bayne;　)<br>Bradley Weimer; Chad Alexander; and　)<br>Joel Duke,　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　　　)<br>_____　) | Civil Action No. 1:24-cv-439-BHH<br><br>**<u>ORDER</u>** |

　　　　This matter is before the Court upon Plaintiff John G. Singletary's ("Plaintiff") *pro se* complaint against the above-named Defendants, wherein Plaintiff challenges certain actions taken against his property located at 1051 Pine Street, Beech Island, South Carolina 29482. (ECF No. 1.) On October 11, 2024, Defendants filed a motion to dismiss. (ECF No. 23.) Plaintiff filed a response to Defendants' motion, and Defendants filed a reply. (ECF Nos. 28, 29.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

　　　　On January 6, 2025, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Defendants' motion to dismiss and instead stay this action pending the outcome of Plaintiff's ongoing state court proceedings in Case No. 2022-CP-02-02277. The Magistrate Judge further recommended that the Court allow Plaintiff additional time to effectuate personal service upon Defendants. (ECF No. 30.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 30), and the Court denies Defendants' motion to dismiss (ECF No. 23) and instead stays this action pending the outcome of Plaintiff's ongoing state court proceedings in Case No. 2022-CP-02-02277. Once the**

**stay of this matter is lifted, the Court will allow Plaintiff additional time to effectuate proper service upon Defendants.**

    **IT IS SO ORDERED.**

                                              /s/Bruce H. Hendricks
                                              United States District Judge

January 28, 2025
Charleston, South Carolina