# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| John G. Singletary,             )<br>                                         )<br>            Plaintiff,           )<br>                                         )<br>v.                                  )<br>                                         )<br>Aiken County Code Enforcement Division;  )<br>Rodney Cooper; Page Bayne;      )<br>Bradley Weimer; Chad Alexander; )<br>and Joel Duke,                  )<br>                                         )<br>            Defendants.          )<br>_____)  | Case No. 1:24-cv-00439-BHH-MGB<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff John Singletary ("Plaintiff"), proceeding *pro se*, brings this civil action challenging certain actions taken by the Aiken County Code Enforcement Division against his property located at 1051 Pine Street, Beech Island, South Carolina, 29842. Relevant here, on January 28, 2025, the Court issued an order denying Defendants' motion to dismiss and instead staying this action pending the outcome of Plaintiff's ongoing state court proceedings in Case. No. 2022-CP-02-022777. (Dkt. No. 33.) The next day, the Court issued the following Text Order:

> Plaintiff is ORDERED to notify the Court immediately after the state action proceedings, Case No. 2022-CP-02-02277, are final. Plaintiff must move to lift the stay within 60 days after the state proceedings are final. A failure to provide the Court the required motion to lift the stay on the schedule set forth herein may subject Plaintiff's claims to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., with prejudice. IT IS SO ORDERED.

(Dkt. No. 35.)

The Court takes judicial notice[1] that Plaintiff's state court proceedings concluded on August 4, 2025. Because more than 60 days have passed and Plaintiff has not moved to lift the stay, it appears Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO RECOMMENDED.

October 14, 2025

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Aiken County Public Index, https://publicindex.sccourts.org/aiken/publicindex/ (last visited Oct. 14, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).