IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John G. Singletary, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Aiken County Code Enforcement )<br>Division; Rodney Cooper; Page Bayne; )<br>Bradley Weimer; Chad Alexander; and )<br>Joel Duke, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 1:24-cv-439-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff John G. Singletary's ("Plaintiff") *pro se* complaint against the above-named Defendants, wherein Plaintiff challenges certain actions taken against his property located at 1051 Pine Street, Beech Island, South Carolina 29482. (ECF No. 1.) On January 28, 2025, the Court issued an order denying Defendants' motion to dismiss and instead staying this action pending the outcome of Plaintiff's ongoing state court proceedings in Case No. 2022-CP-02-022777. (ECF No. 33.) The Court also issued a text order instructing Plaintiff to notify the Court immediately once the state court proceedings were final and to file, within 60 days after the state court proceedings concluded, a motion to lift the stay in this case. (ECF No. 35.)

On October 14, 2025, United States Magistrate Judge Mary Gordon Baker, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), issued a report and recommendation ("Report"), taking judicial notice of the fact that Plaintiff's state court proceedings concluded on August 4, 2025. (ECF No. 37 at 2.) Because more than 60 days had passed since the conclusion of the state court proceedings, and because Plaintiff

had failed to move to lift the stay in this action, the Magistrate Judge also recommended that the Court dismiss this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (*Id.*)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis**.  Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF**

**No. 37), and the Court dismisses this case with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).**

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 10, 2025
Charleston, South Carolina